UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SUSAN M. DESIMONE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No.1:09-cv-01421-WTL-TAB |
| ) | |
| QUICKEN LOANS, INC. et al., ) | |
| ) | |
| Defendants. ) | |

# E N T R Y

The plaintiff's motion seeking leave to amend complaint and to add additional parties (dkt 53) and motion to add additional parties (dkt 55) have been considered.

"It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Manning v. Ashland Oil Co.*, 721 F.2d 192, 197 (7th Cir. 1983) (internal quotation omitted); *see also Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999)(an amended complaint supersedes and "wipes away" all prior complaints). Pursuant to Local Rule 15.1, the proposed amended complaint must "reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." The proposed amended complaint in this case, however, is not complete. The plaintiff's motions to amend and add parties (dkt 53, dkt 55) are **denied** on this basis.

In the interest of time and efficiency, however, the court also reviews the proposed amended complaint insofar as revealed through the intended claims against the putative new defendants.

The plaintiff seeks to add Janice Wilson, Michelle McGinn, John Schmalenberg, Nancy Schmalenberg, Leonard Schoettmer, and Freemans Pest Control as defendants.

- The plaintiff alleges that these named individuals and entity violated an Indiana statute, IND. CODE §§ 24-2-3-4, which she argues prohibits "unjust enrichment." This statute, however, in fact prohibits the misappropriation of trade secrets. The amended complaint alleges no facts that relate to trade secrets. Therefore, in relation to any claim asserted pursuant to IND. CODE § 24-2-3-4, the amended complaint fails to state a claim upon which relief can be granted.

- In addition, plaintiff seeks to "officially add" claims of bank fraud and mail fraud pursuant to 18 U.S.C. §§ 1341, 1344. These claims are already asserted in the supplement to the complaint filed on April 5, 2010, and have been addressed in the defendants' pending motions to dismiss. Therefore, such claims need not be added. Moreover, it would be futile to add such claims because these criminal statutes do not permit a private cause of action. *See Watson v. United States*, 2009 WL 2601254 (S.D.Tex. Aug. 24, 2009); *Milgrom v. Burstein*, 374 F.Supp.2d 523, 528-29

   (E.D.Ky. 2005) (stating no private right of action existed for violation of federal bank fraud statute); *Bajorat v. Columbia-Breckinridge Dev. Corp.*, 944 F.Supp. 1371, 1378 (N.D.Ill. 1996) (no private cause of action for violation of mail fraud statute).

- The plaintiff also seeks to "officially add" claims for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"). RICO claims are asserted in the plaintiff's supplement to the complaint. The defendants have acknowledged the RICO claims and have challenged them in their motions to dismiss. The plaintiff has shown no basis for "adding" RICO claims in an amended complaint.

The filing of an amended complaint is not warranted in circumstances where it fails to support relief and would be subject to dismissal. *See Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991) ("To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs."). For the reasons stated above, and apart from the procedurally deficient manner in which the plaintiff has proceeded, the proposed amendment to add claims and defendants would be futile, which the court will not permit. Accordingly, the plaintiff's motions to amend and to add defendants (dkt 53, dkt 55) are **denied**.

   **IT IS SO ORDERED.**

Date: 06/28/2010

Distribution:

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

April O Davis
PLUNKETT COONEY, P.C.
adavis@plunkettcooney.com

Elizabeth J. Wysong
GOODIN ABERNATHY LLP
ewysong@gamlawyers.com

Robert D. Zink
GOODIN ABERNATHY LLP
rzink@gamlawyers.com

SUSAN M. DESIMONE
904 Mason Run
Pine Hill, NJ 08021

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana