**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| SUSAN M. DESIMONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.1:09-cv-01421-WTL-MJD |
| | ) | |
| QUICKEN LOANS, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Discussing Motion to Dismiss of
### Julie Noonan and JN Appraisals

Susan Desimone ("Desimone") filed this action in Decatur County Superior Court. It was removed to this court on November 16, 2009. She brought this action against, among others, Julie Noonan ("Noonan") and JN Appraisals.[1] For the reasons explained below, the motion to dismiss pursuant to Rule 12(b)(6) [39] is **granted in part and denied in part.**

### Legal Standard

The Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). In addition, although the requirements of notice pleading are minimal, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)).

---

[1]The complaint alleges that Julie Noonan was employed at JN Appraisals.

## Allegations

The complaint alleges that Desimone purchased property at 413 North Franklin Street, Greensburg, Indiana ("the Property") in 2007. The loan process began in August 2007 and the closing took place on October 10, 2007. [Complaint, paragraph 6]. Noonan performed the appraisal on the Property for Quicken Loans, the lender. [Complaint, paragraph 17]. The effective date of the appraisal was August 29, 2007. *Id.* The appraisal is 15 pages in length, but Desimone was only given 4 pages to review at closing. *Id.* Prior to settlement, Desimone was told that the appraisal came in at $333,000. *Id.* The complaint alleges that the appraisal failed to make reference to any major defects at the Property, including coats of Dry Lok on the basement walls, water stained floors, rust on pipes, mold spores in the air in the basement, illegal gas lines, illegal copper tubing on four fireplaces, poor ventilation of the gas fireplaces, leaky roof and gutters, the third layer of the roof "flying off," water stains in the attic, attic infested with live rodents that had eaten part of the attic, insufficient amp service for old electrical wiring (100 amp service should have been 200 amp to be safe), and front steps in disrepair. *Id.* Storm windows were falling off the Property. *Id.* The complaint alleges that the appraiser missed indications that the basement had been taking in water, and that it was not a new problem. *Id.* The garage had also been taking on water for many years, and it had to be torn down after the purchase because water seepage could not be stopped. *Id.*

The comparable properties used to complete the appraisal should not have been acceptable because they were in different towns, 24 and 45 miles away, and one property was much larger in size than the Property. *Id.* Desimone has severe COPD and she could not move from New Jersey to the Property because the mold spores would be "deadly" to her. [Complaint, paragraph 20].

The complaint alleges that as a result of the negligence and omissions of Noonan and JN Appraisals, Desimone sustained physical, emotional, financial, and severe property damages, medical expenses, and has been denied the use of the Property. [Complaint, paragraphs 28-31]. The complaint further alleges that the Property cannot live up to the mortgaged amount because the appraiser failed to report the major defects. [Complaint, paragraph 32]. The Property was allegedly appraised for more than it was ever worth. [Complaint, paragraph 17]. The complaint alleges that major defects in the property severely diminished the value of the Property. *Id.* Desimone has obtained estimates that the total defects would cost between $100,000 to $150,000 to repair. *Id.*

## Language of the Appraisal[2]

The appraisal, provided on a Uniform Residential Appraisal Report form, provides "additional comments," typed in on page 3, as follows:

> The intended user of this report is Quicken Loans. The intended use is to evaluate the property that is the subject of this appraisal for a mortgage finance transaction, subject to the stated scope of work, purpose of the appraisal, reporting requirements of this appraisal report form, and definition of market value. No additional intended users are identified by the appraiser. The appraiser is not a home inspector and this appraisal report is not a home inspection. The appraiser only performed a visual observation of accessible areas and the appraisal report cannot be relied upon to disclose conditions and/or defects in the property.

On page 4 of the appraisal report form, it states, "INTENDED USE: The intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction." The report further states, "INTENDED USER: The intended user of this appraisal report is the lender/client."

On page 6 of the appraisal report form, paragraph 23 states, "[t]he borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties." Paragraph 25 states, "[a]ny intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws."

On page 1 of the appraisal, it states:

> Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.) THIS NATIONAL REGISTER HISTORIC HOME HAS BEEN TOTALLY RESTORED AND UPDATED THROUGHOUT BY THE CURRENT OWNERS. DEPRECIATION IS CHARGED TO EVERYDAY NORMAL WEAR AND TEAR.

---

[2]The moving defendants attached to the motion to dismiss a copy of the appraisal, which was not attached to the complaint. Although the court has considered this document, it need not convert the motion to dismiss to a motion for summary judgment because the appraisal was referred to in the complaint, is central to Desimone's claims, and neither party challenges its authenticity. *Hecker v. Deere & Co.,* 556 F.3d 575, 582-83 (7th Cir. 2009); *Venture Associates Corp. v. Zenith Data Systems, Corp.,* 987 F.2d 429, 431-32 (7th Cir. 1993) (citing Rule 10(c)).

The appraisal indicates that the foundation walls, exterior walls, roof surface, gutters and downspouts, windows, screens, floors, walls, trim, and bath floors were all in "average" condition. The appraisal valued the Property at $333,000.00.

## Discussion

Noonan and JN Appraisals construe the complaint as alleging claims of negligence, breach of contract and fraud. They argue that each of these claims should be dismissed for failure to state a claim upon which relief can be granted. Desimone responds that she also brings a RICO claim against these defendants. The court will discuss each claim in turn.

*Negligence*

Desimone alleges that Noonan and JN Appraisals failed to report major defects in the Property and that they were negligent in performing the appraisal. To prevail on a claim of negligence under Indiana law, Desimone must show 1) a duty owed to her by the defendants, 2) breach of that duty because of conduct falling below the applicable standard of care, and 3) injury proximately caused by the defendants' breach of duty. *Hunt Construction Group, Inc., v. Garrett*, 938 N.E.2d 794, 798 (Ind. Ct. App. 2010). Noonan and JN Appraisals argue that Desimone cannot succeed with a claim of negligence because they owed no duty of care to Desimone.

Desimone contends that Noonan and JN Appraisals owed her, as the purchaser of the home, a duty. Desimone quotes from (but provides no citation to) an Arizona state court case holding that in any purchase of a home, the borrower/buyer relies on the appraiser and that the appraiser owes a duty to the lender and to the prospective borrower. *See Sage v. Blagg Appraisal Co., Ltd.*, 209 P.3d 169 (Ariz. Ct. App 2009). The law, however, varies from jurisdiction to jurisdiction as to whether and under what circumstances an appraiser may owe a duty to a prospective buyer of a home when hired by the lender.

Unfortunately for Desimone, professional liability is more restricted under Indiana law than under Arizona law. Under Indiana law, a professional such as an appraiser is limited in liability to only her client plus any third party the appraiser knows will see and rely on any opinion she renders. *Emmons v. Brown*, 600 N.E.2d 133, 135-36 (Ind. Ct. App. 1992) (appraiser owed no duty to buyers for alleged failure to detect major defects where appraiser did not have actual knowledge that buyer would rely on appraisal).

Recognizing that Indiana holds a "minority approach among the states," the court has not found "any case in Indiana holding an appraiser liable to a buyer for careless preparation of an opinion furnished to a lender." *Decatur Ventures, LLC v. Daniel*, 485 F.3d 387, 390 (7th Cir. 2007). The question remains, however, whether the complaint has sufficiently pled facts that permit the court to draw a reasonable inference that Noonan and JN Appraisals knew that Desimone would see and rely on the appraisal provided to the lender.

Desimone points out that there are conflicting provisions in the appraisal report as to who may use or rely on the appraisal. The "intended user" of the appraisal was the lender, Quicken Loans. [Appraisal, page 4]. The appraisal states in part that "[n]o additional intended users are identified by the appraiser." [Appraisal, page 3]. The appraisal form, however, also provides that a borrower and others "may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties." [Appraisal, paragraph 23]. Given this conflicting language, it is reasonable to infer that Noonan and JN Appraisals could have been on notice that Desimone might use and rely on the appraisal. Under these circumstances, "[w]hile the determination of the existence of a duty is a question of law for the court to decide, such a determination in this case is more properly made after discovery has been completed and all the facts have been presented via a motion for summary judgment." *Gaudie v. Countrywide Home Loans, Inc.*, 683 F.Supp.2d 750, 761 (N.D.Ill. 2010); *see also Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 1:04-cv-562-JDT-WTL, 2006 WL 2522367, at *3 (S.D.Ind. Aug. 16, 2006)(denied motion to dismiss negligence claim where plaintiffs pleaded sufficient facts to demonstrate appraiser owed them a duty). The motion to dismiss for failure to state a claim of negligence is **denied.**

*Breach of Contract*

As to any breach of contract claim, Noonan and JN Appraisals argue that there was no contract between them and Desimone. Desimone responds that the fact that she paid for the appraisal at closing created a contractual duty between her and the appraiser.

The elements of a breach of contract claim are the existence of a contract between the parties, the defendant's breach of the contract, and damages. *McKeighen v. Daviess County Fair Bd.*, 918 N.E.2d 717, 721 (Ind. Ct. App. 2009). The complaint in this case does not allege that any contract existed between Desimone and the appraiser.

To form a binding contract, "[t]here must be mutual assent or a meeting of the minds on all essential elements or terms." *Bennett v. Broderick*, 858 N.E.2d 1044, 1048 (Ind. Ct. App. 2006). There must be an offer, acceptance, consideration, and manifestation of the meeting of the minds. *Id.*; *see also Kreighbaum v. First Nat'l. Bank & Trust*, 776 N.E.2d 413, 421 (Ind. Ct. App. 2002)(where bank hired appraiser, appraisal was submitted to the bank and buyer never met appraiser or reviewed the appraisal prior to closing, there was no fiduciary relationship or privity of contract between the appraiser and buyer). There was no offer and acceptance or other "meeting of the minds" between the appraiser and Desimone. Desimone alleges no communications between them whatsoever. The invoice for the appraisal was issued by JN Appraisals to Quicken Loans. Desimone is listed as the "purchaser/borrower" on the invoice. Even if Desimone ultimately paid for the appraisal through funds at closing, such payment, without more, did not create a contract between her and the appraiser.

The court has also considered whether Desimone would be a third party beneficiary to the contract between Quicken and Noonan and JN Appraisals. To be clear, the contract at issue is not the appraisal itself. The agreement between the lender and Noonan and JN

Appraisals was to perform an appraisal. "For a contract to be enforceable by a third party,

> it must clearly appear that it was the purpose or a purpose of the contract to impose an obligation on one of the contracting parties in favor of the third party. It is not enough that performance of the contract would be of benefit to the third party. It must appear that it was the intention of one of the parties to require performance of some part of it in favor of such third party and for his benefit and that the other party to the agreement intended to assume the obligation thus imposed. The intent of the contracting parties to bestow rights upon a third party must affirmatively appear from the language of the instrument when properly interpreted and construed."

*City of Indianapolis v. Kahlo*, 938 N.E.2d 734, 742 (Ind. Ct. App. 2010) (quoting *Cain v. Griffin*, 849 N.E.2d 507, 514 (Ind. 2006)).

Here again, payment for the appraisal does not create third party beneficiary status for Desimone. Moreover, there is no allegation of documentation which evidences a clear intention that the purpose of the agreement to conduct the appraisal was to impose an obligation on the part of the appraiser in favor of Desimone. Even if the performance of the appraisal was of some benefit to Desimone, that is not sufficient to state a claim of breach of contract by way of being a third party beneficiary.

For these reasons, Desimone's breach of contract claim fails to state a claim upon which relief can be granted. The motion to dismiss is **granted** as to the breach of contract claim.

*Fraud*

Noonan and JN Appraisers first argue that the complaint fails to plead fraud with sufficient particularity. Rule 9(b) provides that to allege a fraud claim, "a party must state with particularity the circumstances constituting fraud or mistake." *Fed.R.Civ.P.* 9(b). "A complaint alleging fraud must provide the who, what, when, where, and how." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (internal quotation omitted). The elements of a claim for fraudulent misrepresentation are that: 1) the defendants made false statements of past or existing material facts; 2) the defendants made such statements knowing them to be false or recklessly without knowledge as to their truth or falsity; 3) the defendants made the statements to induce the plaintiff to act upon them; 4) the plaintiff justifiably relied and acted upon the statements; and 5) the plaintiff suffered injury. *See Hizer v. Holt*, 937 N.E.2d 1, at *5 (Ind. Ct. App. 2010).

The complaint alleges that the appraiser failed to note several major defects at the Property, including highly visible conditions such as that of the basement, floors, roof, windows, attic, and front steps. The court finds that the allegations as to the parties ("who"), the allegedly false statements ("what") on the appraisal ("where") conducted in 2007 ("when") are sufficiently specific under Rule 9(b).The complaint sufficiently alleges a basis for Desimone's belief that the appraiser knew the statements in the appraisal were false

and were made to induce Desimone to take out the loan. *See Gaudie*, 683 F.Supp.2d at 756. ("When details of the fraud are within the defendant's exclusive knowledge, specificity requirements are less stringent.") (internal quotation omitted).

Noonan and JN Appraisals argue that Desimone could not have relied on the appraisal because she did not have the full report at the time of closing. It is true that the complaint alleges that Desimone received only 4 pages of the report at closing. Desimone responds that she was told before closing that the appraisal came back with no problems. Moreover, the first page of the appraisal contains the descriptions of the condition of the home, and therefore, this argument as to "reliance" is not persuasive at this point in the litigation.

It has been said that "it is well-settled under Indiana law that an appraisal is an opinion, and therefore is not actionable under a theory of fraud." *Kreighbaum,* 776 N.E.2d at 421; *Decatur Ventures*, 485 F.3d at 391 (because they are opinions, appraisers' reports are neither true nor false, and cannot be fraudulent unless the appraiser disbelieves her own words). "Mere expressions of opinion cannot be the basis for an action in fraud; an action in fraud requires a misrepresentation of material fact." *Block v. Lake Mortgage Co., Inc.*, 601 N.E.2d 449, 451 (Ind. Ct. App.1992). "However, courts applying Indiana law have *also* held that if the appraisal does 'not actually represent [the appraiser's] genuine opinion,' a common law fraud claim is not precluded." *Farmers & Merchants Bank v. Putnam,* 1:08-cv-161, 2009 WL 1076198 at *9 (N.D.Ind. April 20, 2009) (quoting *Decatur Ventures*, 2006 WL 2522367, at *4). *See also Gaudie*, 683 F.Supp.2d at 758 (allegations of fraud were sufficient to survive motion to dismiss); *ABN AMRO Mortgage Group, Inc. v. Maximum Mortgage, Inc.,* 1:04-cv-492, 2005 WL 1162889 at *8 (N.D.Ind. May 16, 2005) (false real estate appraisals may be the basis of a fraud claim and issue of reliance is a question of fact).

A false appraisal may provide a basis for a claim of fraud, Desimone has sufficiently pled allegations of that claim. The question remains whether Desimone will be able to produce evidence to prove a claim of fraud, but contrary to the moving defendants' argument, Desimone's common law fraud claim does not fail as a matter of law at this time. The motion to dismiss the fraud claim is **denied.**

*Racketeer Influenced and Corrupt Organizations Act ("RICO")*

In her response to the motion to dismiss, Desimone argues that the fraud in tampering with a federal document (the appraisal form) also violated RICO. "Congress passed RICO in an effort to combat organized, long-term criminal activity." *Jennings v. Auto Meter Products, Inc.*, 495 F.3d 466, 472 (7th Cir. 2007). To establish a private civil action for RICO violations, a plaintiff must show four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Id.* (internal quotation omitted). "In order to curb widespread attempts to turn routine commercial disputes into civil RICO actions, courts carefully scrutinize the pattern requirement to forestall RICO's use against isolated or sporadic criminal activity, and to prevent RICO from becoming a surrogate for garden-variety fraud actions properly brought under state law." *Id.* at 472-73 (internal quotations

omitted). Desimone's allegations are all associated with a single purchase of property. No pattern of conduct or long-term criminal activity is alleged in this case. Accordingly, the motion to dismiss as to any RICO claim against Noonan and JN Appraisals is **granted.**

### Conclusion

For the reasons set forth above, the motion to dismiss filed by Julie Noonan and JN Appraisals [39] is **granted in part and denied part**. The breach of contract claim and the RICO claim are dismissed for failure to state a claim upon which relief can be granted. Desimone's claims of negligence and fraud survive the motion to dismiss.

**IT IS SO ORDERED.**


Date:  03/15/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Neal F. Bailen, STITES & HARBISON, LLP
nbailen@stites.com

Douglas B. Bates, STITES & HARBISON, LLP
dbates@stites.com

April O Davis, PLUNKETT COONEY, P.C.
adavis@plunkettcooney.com

Elizabeth J. Wysong, GOODIN ABERNATHY LLP
ewysong@goodinabernathy.com

Robert D. Zink, GOODIN ABERNATHY LLP
rzink@goodinabernathy.com

SUSAN M. DESIMONE
904 Mason Run
Pine Hill, NJ 08021