**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SUSAN M. DESIMONE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No.1:09-cv-01421-WTL-MJD |
| ) | |
| QUICKEN LOANS, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Dismiss of**
**Fannie Mae, Countrywide Home Loans Servicing, L.P.,**
**and BAC Home Loans Servicing, L.P.**

**Background**

Susan Desimone ("Desimone") initially filed this action in Decatur County Superior Court. The action was removed to this court on November 16, 2009. When the court granted the moving defendants' motion for more definite statement, Desimone was directed to file a supplement to her complaint ("Supplemental Complaint"), which she filed on April 5, 2010.

Desimone brought this action against, among others, Fannie Mae, Countrywide Home Loans Servicing, L.P., and BAC Home Loans Servicing. These defendants seek dismissal of the claims asserted against them pursuant to Rules 12(b)(6) and 9(b). Because Desimone's allegations fail to state a claim against these defendants and fail to allege a fraud claim with sufficient particularity, the motion to dismiss [33] must be **granted**.

**Legal Standard**

The Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). In addition, although the requirements of notice pleading are minimal, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)).

## Allegations

On October 10, 2007, Desimone executed a promissory note and mortgage that granted Quicken Loans, Inc. ("Quicken") a mortgage lien on real estate located at 413 N. Franklin Street in Greensburg, Indiana (the "Property"). [Complaint ¶ 1, 3, 6, 10]. The October 10, 2007, loan was subsequently assigned by Quicken to Countrywide Bank, F.S.B. ("Countrywide") [Supplemental Complaint ¶ 46]. On March 5, 2008, Desimone refinanced the mortgage, again granting Quicken a mortgage lien on the Property. [Complaint at ¶16; Supplemental Complaint ¶ 48].[1]

The wiring instructions at closing of the refinanced loan indicated that the pay off funds were to be sent to Bank of America. [Supplemental Complaint at ¶ 48]. In her Supplemental Complaint, Desimone alleges that neither Countrywide nor Bank of America notified Desimone of the assignment of the first loan. [Supplemental Complaint, ¶ 48, ¶ 51]. She alleges that in June of 2009 she first realized that Bank of America also owned the refinanced loan.[2] *Id.* at ¶ 52.

The Supplemental Complaint also alleges that Fannie Mae ignored the bad portfolio and allowed this suspicious loan to go through their underwriting process. [Supplemental Complaint ¶ 41]. The Supplemental Complaint alleges that "Fannie Mae/lender" granted waivers, deferrals and over-rides to Quicken on a loan that had no income verification, no bank account documents or verifications and used "comp" homes 27 and 47 miles away. *Id.* at ¶ 44. It further alleges that Fannie Mae was not alarmed that the appraisal of the 140 year old Property came in as perfect. *Id.* at ¶ 40. Fannie May allegedly committed bank fraud by selling this fraudulently documented loan to Countrywide. *Id.* at ¶41.

The Supplemental Complaint further alleges that there was a scam at closing when a "second home rider" appeared, a rider which Desimone alleges meant that she could not live in the Property without being in violation of the terms of the note. *Id.* at ¶ 36.

---

[1] In the "Background" section of the motion to dismiss, the defendants assert the following: "At closing, Countrywide Bank, F.S.B.'s lien was paid off. Quicken assigned the March 5, 2008 loan to Countrywide Home Loans Servicing, L.P. ("Countrywide") n/k/a B.A.C. Home Loans Servicing, L.P. ("Bank of America")." Defendants attribute these allegations to paragraph 46 of the Supplemental Complaint, however, paragraph 46 does not contain those allegations. The motion to dismiss also asserts that "Bank of America subsequently assigned the loan to Fannie May but remained the servicer for the loan following the transfer to Fannie Mae." This allegation is not made in either the complaint or Supplemental Complaint.

[2] The court notes that the corporate disclosure statement filed by Countrywide Home Loans Servicing, L.P., asserts that it, improperly named as "Countrywide Mortgage," is now known as BAC Home Loans Servicing, L.P., and that Bank of America Corporation is the parent company of BAC Home Loans Servicing, L.P. [Docket 12].

## Discussion

The claims asserted against Fannie Mae, Countrywide, and Bank of America are bank fraud, mail fraud, wire fraud, internet fraud, common law fraud, and RICO. These defendants argue that each of the claims should be dismissed for failure to state a claim upon which relief can be granted and/or for failure to allege fraud with specificity. The court will discuss each claim in turn.

*Bank Fraud, Mail Fraud, Wire Fraud and Internet Fraud*

As explained in the defendants' motion, there is no private cause of action for bank fraud under 18 U.S.C. §1344 or for mail fraud under 18 U.S.C. §1341. *See Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408-09 (8th Cir. 1999) (no private right of action for mail and wire fraud); *Federal Sav. and Loan Ins. Corp v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987) (criminal code provisions dealing with fraud and misrepresentation provided no basis for civil cause of action where there was no affirmative indication of Congressional intent to furnish civil remedy); *Griffin v. City of Milwaukee*, No. 10-C-243, 2010 WL 4723420 at *7 (E.D.Wis. Nov. 15, 2010) (no private cause of action for mail, phone, and wire fraud); *Park Nat'l Bank of Chicago v. Michael Oil Co.*, 702 F.Supp 703, 704 (N.D.Ill. 1989) (no private remedy under § 1344 for bank fraud). Although not addressed in the defendants' motion, any claim for wire fraud under 18 U.S.C. §1343 or for internet fraud is also dismissed for the same reason. *Id*. Desimone does not have standing to assert causes of action based on federal criminal codes. Accordingly, these claims are dismissed for failure to state a claim upon which relief can be granted.

*Common Law Fraud*

Rule 9(b) provides that to allege a fraud claim, "a party must state with particularity the circumstances constituting fraud or mistake." *Fed.R.Civ.P.* 9(b). "A complaint alleging fraud must provide the who, what, when, where, and how." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (internal quotation omitted).

The elements of a claim for fraudulent misrepresentation are that: 1) the defendants made false statements of past or existing material facts; 2) the defendants made such statements knowing them to be false or recklessly without knowledge as to their truth or falsity; 3) the defendants made the statements to induce the plaintiff to act upon them; 4) the plaintiff justifiably relied and acted upon the statements; and 5) the plaintiff suffered injury. *Hizer v. Holt*, 937 N.E.2d 1 (Ind. Ct. App. 2010).

Taking Desimone's allegations as true, she has not identified any false material statements made by these defendants upon which Desimone relied to her detriment. Nor is there any allegation that any such statements were made to induce Desimone to take some action. The complaint and Supplemental Complaint fail to allege a fraud claim with sufficient particularity against these defendants.

Although Desimone sufficiently identified the parties who allegedly failed to give notice of the assignment of the loan, and when they failed to do so, there is no allegation

that suggests that the assignment was "false" or procured by fraud. Moreover, there is no allegation that Desimone suffered any injury as a result of the failure to receive notice of the assignment of the mortgage or as a result of the assignment itself. In addition, the second home rider is not alleged to have contained any false statements.

For these reasons, the common law fraud claims asserted against these defendants are dismissed pursuant to Rule 9(b) for lack of specificity and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

*Racketeer Influenced and Corrupt Organizations Act ("RICO")*

"Congress passed RICO in an effort to combat organized, long-term criminal activity." *Jennings v. Auto Meter Products, Inc.*, 495 F.3d 466, 472 (7th Cir. 2007). To establish a private civil action for RICO violations, a plaintiff must show four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Id.* (internal quotation omitted). "In order to curb widespread attempts to turn routine commercial disputes into civil RICO actions, courts carefully scrutinize the pattern requirement to forestall RICO's use against isolated or sporadic criminal activity, and to prevent RICO from becoming a surrogate for garden-variety fraud actions properly brought under state law." *Id.* at 472-72 (internal quotations omitted). Desimone does not allege that the moving defendants participated in any long-term pattern of criminal activity. Rather, the allegations all center around a single purchase of real estate. Accordingly, any RICO claim against these defendants is dismissed for failure to state a claim upon which relief can be granted.[3]

## Conclusion

For the above reasons, the motion to dismiss is **granted** [33] and the claims against defendants Fannie May, Countrywide and Bank of America are dismissed. This does not resolve all claims against all defendants. No final partial judgment shall issue at this time.

**IT IS SO ORDERED.**

Date: 03/15/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[3]Desimone asserted in her response to the motion to dismiss that the moving defendants have refused to provide responses to discovery requests and that the claims against them should not be dismissed before she has had adequate time to complete discovery. The basis of the motion to dismiss, however, is that even taking all of Desimone's allegations as true, the claims cannot proceed as a matter of law. Because the complaint/Supplemental Complaint fails to state a claim upon which relief can be granted against these defendants, discovery is not warranted.

Distribution:

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

April O Davis
PLUNKETT COONEY, P.C.
adavis@plunkettcooney.com

Elizabeth J. Wysong
GOODIN ABERNATHY LLP
ewysong@goodinabernathy.com

Robert D. Zink
GOODIN ABERNATHY LLP
rzink@goodinabernathy.com

SUSAN M. DESIMONE
904 Mason Run
Pine Hill, NJ 08021