UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SUSan M. DESIMONE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No.1:09-cv-01421-WTL-MJD |
| ) | |
| JULIE NOONAN, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Cross-Motions for Summary Judgment
as to Remaining Defendants and Directing Issuance of Final Judgment**

In the Entry of March 15, 2011, the motion to dismiss filed by defendants Julie Noonan ("Noonan") and JN Appraisal was granted in part and denied in part. Consistent with that ruling, plaintiff Susan M. DeSimone's claims of negligence and fraud remain pending. Noonan and JN Appraisal now seek to resolve those claims through summary judgment. DeSimone has opposed the motion for summary judgment and has filed a cross-motion for summary judgment.

For the reasons set forth in this Entry, the motion for summary judgment filed by Noonan and JN Appraisal [126] is **granted** and the plaintiff's cross-motion for summary judgment [131] is **denied**.

### I. Summary Judgment Standard

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the *Federal Rules of Civil Procedure*. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. SmithAmundsen LLC,* 662 F.3d 818, 822 (7th Cir. 2011)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

A genuine issue of fact can defeat a motion for summary judgment only if the question of fact is material. A "material fact" is one that "might affect the outcome of the suit." *Anderson,* 477 U.S. at 248. A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no Agenuine@ dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant=s favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record that comply with the requirements of Rule 56(c)(1), the following facts are undisputed for purposes of the cross-motions for summary judgment.

Sometime in or before 2007, DeSimone lived in New Jersey and decided that she wanted to relocate. She found several homes online to consider, including the home located at 413 North Franklin Street, Greensburg, Indiana (the "Property"). The listing price for the Property was $329,900. DeSimone made an offer of $315,000, which was accepted. On October 10, 2007, DeSimone executed a promissory note in the amount of $283,500 in favor of Quicken Loans to purchase the property.

Noonan is a licensed appraiser and owner of JN Appraisals. Noonan is not and has never been a home inspector.

TSI Appraisals is a third-party vendor used by financial institutions to order appraisals using TSI Appraisal's network of appraisers. TSI Appraisal's services are used by lenders so they may appropriately follow guidelines regarding limited contact between the lender and the appraiser. The assignments from TSI Appraisals come through a website located at www.appraisalportal.com.

TSI Appraisals received an order for an appraisal of the Property from Quicken Loans. On August 22, 2007, TSI Appraisals sent the order to JN Appraisals, which Noonan received. Along with the order, TSI Appraisals provided Noonan with a copy of the purchase agreement, a Seller's Real Estate Sales Disclosure, and a document entitled "Noted on The National Register of Historic Places Circi 1871 As Bright B. Harris Mansion." After Noonan received the order, she contacted Janice Wilson, DeSimone's realtor, in order to gain access to the Property to complete a walk through. Wilson provided photographs from the interior of the Property.

Noonan conducted a visual inspection of the property. Before visiting the property and after the visit, Noonan used the Multiple Listing Service (MLS) for Southeastern Indiana to pull comparable properties. Noonan first tried to find properties located only in Greensburg or Decatur County, however, she had to widen her search due to the unique restored and historical qualities of the Property. On August 29, 2007, Noonan submitted her first appraisal of the Property to TSI Appraisals. The appraisal used comparable properties located in Edinburgh and Vevay, Indiana, which had the closest restored, well-maintained and/or historical qualities found in the Property.

On August 30, 2007, TSI Appraisals sent a request to Noonan that she find a comparable property in Greensburg that had been sold within the prior six (6) months. The request from TSI Appraisals states "[w]e understand the difficult nature of appraising a historical home [but] we need something showing the recent housing climate of the subject area." Noonan then located a fourth comparable property that had sold within the prior six months in Greensburg. Noonan had not used this comparable property originally because it was on twenty acres and did not have the amenities the Property possessed. Noonan sent the updated appraisal back to TSI Appraisals via appraisalport.com. TSI Appraisals received it on August 31, 2007, and then submitted the appraisal to Quicken Loans.

Noonan's appraisal report states, in part, the following:

> THE INTENDED USER OF THIS REPORT IS QUICKEN LOANS.
> THE INTENDED USE IS TO EVALUATE THE PROPERTY THAT IS THE
> SUBJECT OF THIS APPRAISAL FOR A MORTGAGE FINANCE
> TRANSACTION, SUBJECT TO THE STATED SCOPE OF WORK, PURPOSE
> OF THE APPRAISAL, REPORTING REQUIREMETNS OF THIS APPRAISAL
> REPORT FORM, AND DEFINITION OF MARKET VALUE. NO
> ADDITIONAL INTENDED USERS ARE IDENTIFIED BY THE APPRAISER.
> THE APPRAISER IS NOT A HOME INSPECTOR AND THIS APPRAISAL
> REPORT IS NOT A HOME INSPECTION. THE APPRAISER ONLY
> PERFORMED A VISUAL OBSERVATION OF ACCESSIBLE AREAS AND
> THE APPRAISAL REPORT CANNOT BE RELIED UPON TO DISCLOSE
> CONDITIONS AND/OR DEFECTS IN THE PROPERTY.

Appraisal, p. 3 of 6. The appraisal also states that the intended use "is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction" and that "the intended user of this appraisal report is the lender/client." *Id.* at p. 4.

The Appraiser's Certification on the appraisal report contains the following language:

> 16. I stated in this appraisal report my own personal, unbiased, and
> professional analysis, opinions, and conclusions, which are subject only to the

assumptions and limiting conditions in this appraisal report.
…
20. I identified the lender/client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

21. The lender/client may disclose or distribute this appraisal report to: the borrower….without having to obtain the appraiser's . . . consent.
…
23. The borrower…may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

Appraisal, at pages 5-6 of 6.

Neither Noonan nor TSI Appraisals were ever requested to provide a copy of the appraisal to DeSimone or her realtor. No one informed TSI Appraisal or Noonan that DeSimone was going to see, obtain, or use the appraisal Noonan prepared to determine whether DeSimone would purchase the property or to evaluate the condition of the property. Before the lawsuit was filed, no one ever informed Noonan that DeSimone was going to or did rely on the appraisal of the property.

Prior to purchasing the Property, DeSimone did not receive a copy of the entire appraisal. DeSimone received 4 pages of the appraisal with closing documents on September 27, 2011. The four pages in DeSimone's possession prior to closing did not include the language that states "borrower…may rely on this appraisal report," but did include the language stating that the intended user was Quicken Loans. Until this lawsuit was filed, no one contacted Noonan or TSI Appraisals regarding any issues or concerns with the final appraisal submitted to TSI Appraisals.

The appraisal represented Noonan's genuine opinion as to the value of 413 N. Franklin St. on the date she completed the appraisal based on her walk through of the property and the comparables she found. TSI Appraisals paid JN Appraisal $350.00 for the appraisal. Neither Noonan nor TSI Appraisals received a payment directly from DeSimone.

Noonan has never spoken with DeSimone. Noonan has never even spoken with anyone from her client, Quicken Loans, regarding the property.

### B. Analysis

*Negligence*

DeSimone alleges that Noonan and JN Appraisals were negligent in

performing the appraisal by failing to report major defects in the Property. As noted in the court's ruling on the defendants' motion to dismiss, to prevail on a claim of negligence under Indiana law, DeSimone must show 1) a duty owed to her by the defendants, 2) breach of that duty because of conduct falling below the applicable standard of care, and 3) injury proximately caused by the defendants= breach of duty. *Kroger Co. v. Plonski,* 930 N.E.2d 1, 6 (Ind. 2010). Noonan and JN Appraisals argue that DeSimone cannot succeed with a claim of negligence because they owed no duty of care to DeSimone and because Noonan's conduct did not fall below the applicable standard of care.

For Noonan to owe a duty to DeSimone, either the two of them had to enter into a contract or DeSimone had to be a third party beneficiary to the contract between TSI Appraisals and Noonan. *See Zurich American Ins. Group v. Wynkoop*, 746 N.E.2d 985, 990-91 (Ind.Ct.App. 2001). DeSimone does not, nor could she, argue that she and Noonan entered into a contract. It is undisputed that Noonan and DeSimone had never spoken nor had any direct communication. The record shows that TSI Appraisals contracted with JN Noonan to conduct the appraisal for Quicken Loans. Therefore, DeSimone must present evidence sufficient to create a genuine issue of fact that she was a third party beneficiary to the contract between TSI Appraisals and Noonan.

"In order to be a third party beneficiary, [DeSimone] must show that (1) the intent to benefit h[er] is clear; (2) the contract imposes a duty on one of the contracting parties in favor of [DeSimone]; and (3) the performance of the terms necessarily renders to the third party a direct benefit intended by the parties to the contract." *Zurich,* 746 N.E.2d at 991. Specifically in relation to appraisers, however, under Indiana law, a buyer must show that the appraiser had actual knowledge that the buyer would rely on the appraisal to the buyer's detriment. *Block v. Lake Mortg. Co., Inc.,* 601 N.E.2d 449, 452 (Ind.Ct.App. 1992); *Emmons v. Brown*, 600 N.E.2d 133, 135 (Ind.Ct.App. 1992)("In Indiana, a professional owes no duty to one with whom he has no contractual relationship unless the professional has actual knowledge that such third person will rely on his professional opinion.").

DeSimone points to the language in the appraisal report which states that "the borrower…may rely on this appraisal report as part of any mortgage finance transaction …." Paragraph 23, page 6 of 6, Appraisal Report. Noonan points to the language that states that the "intended user of this report is Quicken Loans." Page 3 of 6, Appraisal Report.  Therefore, according to the Appraisal Report, DeSimone could rely on the report but the intended user was Quicken Loans. As in *Emmons*, although the appraisal report identified DeSimone as the "borrower" and indicated that the report could be relied upon by the borrower, "neither of these provisions indicates a clear intent" on the part of Noonan and TSI Appraisals to bestow a direct benefit to DeSimone. *Emmons*, 600 N.E.2d at 134. Moreover, there is no evidence that Noonan had actual knowledge that DeSimone would rely on the

appraisal.

The court acknowledges DeSimone's contention that the Fannie Mae revisions to the Fannie Mae Form 1004 appraisal form, effective November 1, 2005, were arguably intended to clarify that borrowers and others often rely on the appraisal report as part of a mortgage finance transaction. *See* "Fannie Mae's Revised Appraisal and Property Report Forms (Forms Dated March 2005 for Appraisals Performed On/After 11/1/2005) Frequently Asked Questions," http://kreab.ky.gov/SiteCollectionDocuments/Fannieappraisalfaqs.pdf. Even if it was foreseeable that DeSimone *might* rely on the appraisal, however, that is not the test. DeSimone lacks evidence of any actual knowledge on the part of Noonan that DeSimone relied on the appraisal in deciding to purchase the Property. The court has found no authority that any revision in the Fannie Mae forms has changed Indiana law in this respect. *Emmons* controls these circumstances and compels a finding that under Indiana law, Noonan did not owe a duty of care to DeSimone as a third party beneficiary. *See also Block,* 601 N.E.2d at 452 ("Indiana requires actual knowledge on the part of the appraiser" that the buyer would rely to her detriment on the appraisal).

Even if for purposes of this motion the court were to assume that Noonan owed a duty of care to DeSimone, DeSimone must also show that Noonan breached that duty because of conduct falling below the applicable standard of care. Noonan argues that DeSimone has not presented evidence of the standard of care. DeSimone contends that the revised "Uniform Residential Appraisal Report, Fannie Mae Form 1004 March 2005" provides such a standard. *See Uniform Residential Appraisal Report (2005),* http://www.freddiemac.com/sell/forms/pdf/70.Pdf. Contrary to DeSimone's urging, the various provisions contained within that form are subject to different interpretations and understandings as applied to various facts. The Fannie Mae form alone does not establish a standard of care.

DeSimone further argues that the Property had defects which are evidenced by a need to replace the garage and roof, waterproof the basement, remove mold, rewire the electrical wiring, and replace gas lines. DeSimone's allegations concerning required repairs, however, do not substitute for proof of a standard of care nor do they demonstrate that Noonan violated the standard of care when she conducted the appraisal of the Property. There is no evidence, expert or otherwise, that creates a genuine issue of fact that Noonan's appraisal violated the applicable standard of care.

For the above reasons, Noonan and JN Appraisals are entitled to summary judgment as to DeSimone's claim of negligence.

*Fraud*

The elements of a claim for fraudulent misrepresentation are that: 1) the

defendants made false statements of past or existing material facts; 2) the defendants made such statements knowing them to be false or recklessly without knowledge as to their truth or falsity; 3) the defendants made the statements to induce the plaintiff to act upon them; 4) the plaintiff justifiably relied and acted upon the statements; and 5) the plaintiff suffered injury. *See Hizer v. Holt*, 937 N.E.2d 1, 5 (Ind. Ct. App. 2010).

As noted in the Entry discussing Noonan's motion to dismiss, "it is well-settled under Indiana law that an appraisal is an opinion, and therefore is not actionable under a theory of fraud." *Kreighbaum v. First Nat. Bank & Trust,* 776 N.E.2d 413, 421 (Ind.Ct.App. 2002). *See also Decatur Ventures*, 485 F.3d 387, 391 (7th Cir. 2007)("Indiana treats appraisers' reports as opinions, which can be neither true nor false, and hence not fraudulent unless the [appraiser] disbelieves her own words."). "Mere expressions of opinion cannot be the basis for an action in fraud; an action in fraud requires a misrepresentation of material fact." *Block v. Lake Mortgage Co., Inc.*, 601 N.E.2d 449, 451 (Ind.Ct.App. 1992).

There is no admissible evidence of record indicating that Noonan presented a false appraisal, knowing it was false. Noonan stated in her affidavit that the appraisal represented her "genuine opinion as to the value of the Property on the date I completed the appraisal based on my walk through of the property and the comparables I found." DeSimone's contention that Noonan's affidavit is invalid because it is not notarized is misplaced. The affidavit complies with the requirements of 28 U.S.C. §1746 and properly presents statements based on personal knowledge affirmed to be true under penalty of perjury. Absent a showing that Noonan's appraisal did not actually represent her genuine opinion, DeSimone's fraud claim fails.

### III. Conclusion

For the reasons explained above, the motion for summary judgment filed by Noonan and JN Appraisal [126] is **granted** and the cross-motion filed by plaintiff DeSimone [131] is **denied.** All claims in this action have now been resolved.

Judgment consistent with this Entry and with the Entries of March 15, 2011, and June 20, 2011, [docket items 96, 97, 110, 111], shall now issue.

**IT IS SO ORDERED.**

Date: 07/24/2012

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Susan M. DeSimone**
**904 Mason Run**
**Pine Hill, NJ 08021**

**Neal F. Bailen**
**STITES & HARBISON, LLP**
**nbailen@stites.com**

**Douglas B. Bates**
**STITES & HARBISON, LLP**
**dbates@stites.com**

**Pamela A. Paige**
**PLUNKETT COONEY, P.C.**
**ppaige@plunkettcooney.com**

**Elizabeth J. Wysong**
**GOODIN ABERNATHY LLP**
**ewysong@goodinabernathy.com**

**Robert D. Zink**
**GOODIN ABERNATHY LLP**
**rzink@goodinabernathy.com**